IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2035-BO

| | | |
|---|---|---|
| DWAYNE MANNING, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| D.R. STEPHENS, | ) | |
|     Respondent. | ) | |

Dwayne Manning ("Manning" or "petitioner") petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss or in the alternative for summary judgment. Petitioner responded, and the matter is ripe for determination.

At the time petitioner filed this action, he was an inmate in custody at the Federal Prison Camp in Butner, North Carolina. He is serving a 235-month federal term of imprisonment for Conspiracy to Possess with intent to Distribute Cocaine and Cocaine Base. He is scheduled for release on November 16, 2012, after inclusion of good conduct time release. Petition brings this habeas petition to challenge a 2008 disciplinary hearing. He claims the disciplinary proceedings violated his constitutional rights.

On September 20, 2008, petitioner was cited for a disciplinary incident. The allegation was that petitioner possessed a hazardous tool, i.e. a cellular phone. The incident was investigated and on September 21, 2008, petitioner was given a copy of the incident report. On September 22, 2008, petitioner was provided with notice of the disciplinary hearing to be held and his rights regarding the same. On October 3, 2008, a disciplinary hearing was convened. Petitioner denied the charges in the incident report and had two witnesses testify, one testified in

person and one provided a written statement. The Discipline Hearing Officer ("DHO") considered petitioner's statement, the incident report, the investigation including the reporting officer's statement, the witness statements and confidential information. (D.E. # 11-1, p. 3) Given the evidence presented, the DHO found petitioner committed the Code 108 prohibited act of possession of a hazardous tool. As a result, petitioner was given the disallowance of 41 days of Good Conduct Time, removing telephone privileges for one year, and ordering a disciplinary transfer.

Beginning in January 2009, petitioner appealed the DHO's findings through the BOP's administrative remedy system. At each step, it was found that the required disciplinary procedures were substantially followed, the evidence (or "greater weight of the evidence") supported the DHO's decision, and the sanctions imposed were in accordance with policy and commensurate with the severity of the offense.

Petitioner argues that the disciplinary proceedings denied him of his due process rights. He also makes several allegations challenging the factual basis for the Discipline Hearing Officer (DHO)'s finding of guilt.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

When the loss of good-time credit is at issue, an inmate is entitled: (1) to written notice of the charges at least twenty-four hours in advance of the hearing; (2) to a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974). To comport with due process, DHO findings which revoke a prisoner's good-time credits must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454–56 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. (quotation omitted).

Petitioner challenges the sufficiency of the evidence that the DHO considered in finding that he violated the disciplinary code. The DHO relied on the incident report, the fact that the phone was found in a cubicle assigned to petitioner and another inmate, it was in a charger, and plugged into an outlet. This evidence satisfies the "some evidence" standard. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932.

3

Case 5:10-hc-02035-BO   Document 15   Filed 08/17/11   Page 3 of 4

To the extent petitioner argues that the disciplinary proceedings failed to comply with Wolff, that claim also fails. Petitioner received advance written notice of the disciplinary charges. He was allowed to call witnesses and he received a written statement by the DHO of the evidence relied on and the reasons for the disciplinary action.

Accordingly, the court rejects petitioner's claim that his due process rights were violated in the disciplinary proceedings. Respondent's motion for summary judgment is GRANTED and the case is closed.

SO ORDERED, this 17 day of August 2011.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE